EDWARD J. PHILLIPPE and CAROLYN PHILLIPPE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Phillippe v. Commissioner
Docket No. 11296-80.
United States Tax Court
T.C. Memo 1982-30; 1982 Tax Ct. Memo LEXIS 716; 43 T.C.M. (CCH) 343; T.C.M. (RIA) 82030; January 21, 1982. Harrison F. Comstock, for the petitioners. Henry E. O'Neill, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined a deficiency of $ 39,114.00 in petitioners' Federal income tax for 1976. [1] Due to concessions, the sole issue is to determine the fair market value of stock acquired by Edward J. Phillippe (petitioner) pursuant to the exercise of certain nonqualified stock options. All the facts have *717 been stipulated and are found accordingly. Petitioners, Edward J. Phillippe and Carolyn Phillippe, resided in Los Gatos, Calif., at the time they filed their petition in this case. During 1976 petitioner was employed by Memorex Corporation as a vice-president and controller. Memorex is a publicly held corporation the shares of which are traded on the Pacific Stock Exchange (PSE). In 1976 petitioner exercised two nonqualified stock options for the purchase of Memorex stock. The dates of exercise, the number of shares received, the mean price per share of stock on the PSE on the dates of exercise, and the option price were as follows: Option
Total
Date of
Number
Mean Price
price
Option
exercise
of shares
per share
per share
Price
2/2/76
3,000
$ 14.625
$ 3.75
$ 11,250.00
4/9/76
4,600
24.875
3.75
17,250.00
The lowest quoted market prices on the PSE for Memorex stock of the class here in issue within six months before or after February 2, 1976, and within six months before or after April 9, 1976, were $ 6.625 per share and $ 7.50 per share, respectively. At the time he exercised the stock options, petitioner was subject *718 to the provisions of section 16(b), Securities Exchange Act of 1934, 15 U.S.C. section 78p (b) (hereinafter section 16(b)), and was also subject to regulation 16(b)-6, Securities and Exchange Commission, 17 C.F.R. section 240.16b-6 (1981). [2] Generally, those provisions hold that if a corporate officer sells stock of that corporation within six months before or after the date on which he acquired such stock through the exercise of an option, the profits realized are recoverable by the corporation. *719 Generally, section 83(a)[3] provides that when property is transferred to a taxpayer in connection with the performance of services, the fair market value of the property over the amount paid for the property, is includable in the taxpayer's gross income. The exercise of petitioner's nonqualified stock options is governed by section 83(a). As it applies to this case, section 83(a) provides that petitioners must include in gross income the difference between the fair market value of the stock on the dates of exercise of the options and the amount paid for the stock option. For purposes of computing fair market value petitioners took into consideration the potential section 16(b) liability and determined the fair market value as the lowest quoted market prices for Memorex stock six months before or after the dates of exercise. Respondent computed fair market value by determining the mean price per share of Memorex stock traded on the PSE on the dates of exercise. In his notice of deficiency, respondent added $ 102,787 to petitioners' gross income, which represents the difference in the parties' *720 calculations of fair market value. The sole issue is whether potential section 16(b) liability affects the fair market value of stock transferred under section 83(a). "The fair market value is the price at which the property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or to sell and both having reasonable knowledge of relevant facts." United States v. Cartwright, 411 U.S. 546, 551 (1973), quoting section 20.2031-1(b), Estate Tax Regs. The concept of fair market value contemplates a hypothetical willing buyer and a hypothetical willing seller. Estate of Reynolds v. Commissioner, 55 T.C. 172, 195 (1970). The test for fair market value is an objective rather than a subjective one. The courts have recognized that, while section 16(b) *721 liability affects a taxpayer's subjective valuation of the stock by influencing his own willingness to sell such stock, section 16(b) liability affects neither the marketability nor the market value of the stock itself. Kolom v. Commissioner, 71 T.C. 235 (1978), affd. on the same grounds 644 F.2d 1282 (9th Cir. 1981); Harrison v. United States, 475 F. Supp. 408 (E.D. Pa. 1979), affd. 620 F.2d 288 (3d Cir. 1980); Thomsen v. United States, 47 AFTR2d 81-934 (N.D. Ia. 1981), 81-1 USTC par. 9253. See Horwith v. Commissioner, 71 T.C. 932 (1979). Cf. Kolom v. Commissioner, cert. denied 81-2 USTC par. 9741 (Sup. Ct., Nov. 2, 1981) (Powell, J., dissenting). Section 16(b) does not prevent the disposition of the stock, nor does it affect the stock in the hands of the purchaser: As the Ninth Circuit Court of Appeals stated: We are persuaded by the Commissioner's argument that [the taxpayer's] unwillingness to sell his stock [subject to section 16(b) liability] on the date he exercised the options is irrelevant to the determination of fair market value. [Kolom v. Commissioner, supra, 644 F.2d at 1288.]
*722 Following the above precedent, we cannot accept petitioners' contention that section 16(b) liability reduces the fair market value of stock received in connection with the performance of services and taxable under section 83(a). [4]
Accordingly, we agree with respondent's contention tht fair market value is the mean price at which *723 Memorex stock was traded on the PSE on the dates of exercise. Where stock is traded on a national exchange, the fair market value of the stock is generally the price at which the stock is sold on that market. United States v. Cartwright, supra; Kolom v. Commissioner, 71 T.C. at 243. Given such a market, the fair market value is the mean between the highest and lowest selling prices for the stock on the valuation date. Sec. 20.2031-2(b), Estate Tax Regs.; Horwith v. Commissioner, supra; Kolom v. Commissioner, supra, 71 T.C. at 243; Harrison v. United States, supra, 475 F. Supp. at 415. In summary, we find that potential liability under section 16(b), Securities and Exchange Act of 1934, does not reduce the fair market value of stock received pursuant to the exercise of stock options which are taxable under section 83(a). To reflect concessions, Decision will be entered for respondent. Footnotes
1. This deficiency resulted in an overassessment of $ 17,267 in petitioners' Federal income tax for 1977.↩
2. Under the terms of sec. 16(b), Securities Exchange Act of 1934, the profits realized by an officer or director of a corporation from the sale of an equity security of that corporation within 6 months after its acquisition inure to the benefit of, and are recoverable by, the corporation. Generally, the measurement of the sec. 16(b) liability is the difference between the price at which the shares were acquired and the sale price. Under reg. 16(b)-6, Securities and Exchange Commission, 17 C.F.R. sec. 240.16b-6 (1981)↩, however, when a stock option is exercised more than 6 months after it was granted, the sec. 16(b) liability is subject to a maximum limit, measured by the difference between the sales price and the lowest quoted market price within 6 months before and after the date of exercise of the option.
3. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended, and in effect during the taxable years in issue.↩
4. Petitioners contend that the decisions in Anderson v. Commissioner, 480 F.2d 1304 (7th Cir. 1973), revg. 56 T.C. 1370 (1971) and MacDonald v. Commissioner, 230 F.2d 534 (7th Cir. 1956), affg. in part and revg. in part 23 T.C. 227 (1954), stand for the proposition that fair market value should be reduced by potential sec. 16(b) liability. Those same cases were argued by the taxpayers before this Court in Kolom v. Commissioner, 71 T.C. 235 (1978) and the Ninth Circuit Court of Appeals in Kolom v. Commissioner, 644 F.2d 1282 (9th Cir. 1981). Both of those cases, Anderson and MacDonald↩, were distinguished and both this Court and the Ninth Circuit Court of Appeals rejected the taxpayers' contentions. No further discussion is here necessary.